USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES WILLIAMS,

      Movant,

-against-

UNITED STATES OF AMERICA,

      Respondent.

---

25-CV-9365 (VB)

20-CR-662 (VB)

ORDER

VINCENT L. BRICCETTI, United States District Judge:

Movant James Williams, who currently is incarcerated at FCI Ray Brook in Ray Brook, New York, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v. Williams*, No. 20-CR-0662-1 (VB) (S.D.N.Y. July 1, 2022). For the following reasons, the Court directs Williams to file a declaration by **January 21, 2026**, showing cause why this motion should not be denied as time-barred.

## BACKGROUND

Following a jury trial, Williams was convicted of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of possession of a firearm during and relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *See United States v. Williams*, No. 20-CR-0662-1 (VB) (S.D.N.Y. July 1, 2022). The Court sentenced Williams to 120 months' incarceration and 4 years of supervised release. The Court of Appeals affirmed Williams's conviction, *United States v. Williams*, No. 22-1467-cr, 2024 WL 358134 (2d Cir. Jan. 31, 2024), and on October 15, 2024, the Supreme Court denied his petition for a writ of certiorari. *See Williams v. United States*, No. 24-5473 (U.S. Supt. Ct. Oct. 15, 2024).

The Court received Williams's motion on November 7, 2025; the postmark appears to be stamped November 2, 2025. Movant argues that he originally filed the motion on January 1, 2025, which is the signature date on the motion. (ECF 1, at 16.) He claims that "the cause of a

1

delay was to which oddly, the original 2255 that was submitted on Jan 1 of 2025 was sent to the wrong address, and signed by an individual via certify mail that failed to resend the documents back once they had received them." Thus, according to Williams, the motion "never reached its appointed destination." (*Id.* at 15.)

## DISCUSSION

Williams's application appears to be time-barred. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f).

Williams's one-year statute of limitations commenced the day following the Supreme Court's denial of his petition for a writ of *certiorari*, that is, on October 16, 2024. His time to file a timely Section 2255 motion therefore expired on October 16, 2025. The Court received the submission on November 7, 2025, and, as noted above, it appears that it was postmarked on November 2, 2025. The signature block includes the date January 1, 2025, and this date corresponds with the "original 2255" that William alleges he mailed. Williams does not, however, provide the address to which he mailed this original 2255, who signed the certified mail receipt, how he learned that he mailed the original 2255 to the wrong address, or when he learned of this information. Moreover, Williams does not provide any proof, such as the certified mail receipt, showing that he mistakenly mailed the original 2255 to the wrong address.

The Court therefore directs Williams to show cause by **January 21, 2026**, why this motion should not be denied as time-barred. Williams should allege any additional facts that

2

show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions). Specifically, Williams should include facts describing the steps he originally took to submit the original Section 2255 motion, including when he learned that he mailed this document to the wrong address. Williams also should provide any relevant documentation to support his timeliness claim.

## CONCLUSION

The Court directs Williams to file a declaration by **January 21, 2026**, showing cause why the motion should not be denied as time-barred. For his convenience, a declaration form is attached to this order. If Williams files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on Respondent. If Williams fails to comply with this order, the motion will be denied as time-barred. No answer will be required at this time.

Because Williams has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to mail a copy of this order and the attachment to Williams at the address on the docket in case no. 25-cv-9365 (VB).

SO ORDERED.

Dated:   November 21, 2025
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. 25 CV 9365 (VB)

20 CR 662 (VB)

-against-

_____

_____

_____

Fill in above the full name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address | City      State      Zip Code |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |